UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| HOUSTON GENERAL INSURANCE COMPANY,<br><br>　　　　　　　Plaintiff,<br><br>　　v.<br><br>FARMINGTON CASUALTY CO, et al.,<br><br>　　　　　　　Defendants. | CASE NO. C11-2093 BJR<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION |

On March 1, 2017, this Court entered an order granting Defendant St. Paul Fire & Marine Insurance Company's ("St. Paul's") motion to exclude evidence and awarded summary judgment of dismissal to St. Paul on that basis. (Dkt. No. 276.)  Plaintiff Houston General Insurance Company ("Houston General") has timely moved for reconsideration of those rulings.  After review of Houston General's motion (Dkt. No. 279), St. Paul's response (Dkt. No. 281), and relevant portions of the record, the motion will be DENIED.  The Court's reasoning follows.

The standard in this district for motions for reconsideration is enunciated in Local Rule 7(h):

Motions for reconsideration are disfavored. The court will ordinarily deny such motions in the absence of a showing of manifest error in the prior ruling or a showing of new facts or legal authority which could not have been brought to its attention earlier with reasonable diligence.

Plaintiff cites four grounds for error in the Court's previous ruling. First, it contends that the Court misinterpreted the subsequent controlling precedent cited by the Ninth Circuit in its remand of this case – *Queen Anne Park Homeowners Assoc. v. State Farm Fire & Cas. Ins. Co.*, 183 Wn.2d 485 (2015) – as creating a "heightened," more restrictive definition of "collapse" than that applied by the jury in the prior trial of this matter. (Dkt. No. 279, Motion at 3.) It is Plaintiff's position that "*Queen Anne* did not create a heightened standard, it merely provided a different standard of 'collapse.'" (*Id.*)

In rejecting this argument, the Court notes two points. First, that while denying that *Queen Anne* imposes a more restrictive standard than that employed by the previous jury instruction in this case, Houston General has reduced the number of conditions of "substantial impairment of structural integrity" ("SSI") from its original claim of 100 such conditions (Dkt. No. 265 at 42) to 70. (Dkt. No. 254-11 at 2.) Second, while arguing that the *Queen Anne* definition is not more restrictive, "merely… different," Plaintiff provides no explanation or analysis of *how* the new definition is "different."

Houston General next claims that the Court overlooked its legal authority in rejecting its argument that an intervening change in the law permitted it to retry the "collapse" issue as to all times periods in question (as opposed to those to which the Ninth Circuit specifically limited its remand; *see* 649 Fed.App'x. 605, 608 (2016)). Plaintiff's purported authority was a 1913 Supreme Court opinion where the mandate of an appellate court to enter a directed verdict based on insufficient evidence to support the original jury finding was reversed because the common

1    law remedies available at the time were limited to a writ of error ordering a new trial.  *See*

2    *Slocum v. New York Life Ins. Co.*, 228 U.S. 364, 378-79 (1913).

3         Plaintiff's authority was unpersuasive for several reasons.  The opinion predates the

4    creation of the Federal Rules of Civil Procedure and the creation of the concept of a "directed

5    verdict" (now termed "judgment as a matter of law") which permits a court to "bypass" a jury

6    and go directly to judgment.  *See* Fed.R.Civ.P. 50.  Plaintiff cites no cases more recent than

7    *Slocum* citing the case for the proposition which Plaintiff propounds.  In fact, later Supreme

8    Court cases have permitted appellate courts to direct an entry of judgment without a new trial

9    and have either distinguished *Slocum* or simply ignored it.  *See Boyle v. United Techs. Corp.,*

10   487 U.S. 500, 513-14 (1988); and *Baltimore & Carolina Line v. Redman,* 295, U.S. 654, 657-59

11   (1935).

12        In any event, *Slocum* is distinguishable in that it involved a general jury verdict issued in

13   error where an appellate court was required to decide how to effectuate its reversal.  This case

14   concerned a special jury verdict where sections of that verdict were not reversed and the

15   appellate court remanded only as to a limited portion of the matter; the lower court was

16   specifically directed to concern itself *only* with the portion of the verdict which had been

17   reversed.  *See* 649 Fed.App'x. at 608.  Plaintiff has no Seventh Amendment right to a jury trial as

18   to that segment of its case; as this Court has found, the Seventh Amendment prevents Plaintiff

19   from presenting evidence which would force or invite a second jury to overturn facts found by

20   the first jury.  Houston General presented no case authority to the contrary.

21        As a third ground for manifest error, Plaintiff argues this Court's finding that the claim of

22   Plaintiff's experts (that their findings were consistent with the revised SSI standard announced in

23   *Queen Anne*) was "not credible" (*see* Dkt. No. 276, Order at 9) constituted an impermissible

24

1    "weighing of the evidence" and an encroachment into the jury function.  This is a

2    mischaracterization of the Court's analysis.  In order to survive summary judgment, a non-

3    moving party must proffer evidence which would be admissible at trial to establish the existence

4    of a genuine issue of material fact in support of its case.  At that stage, the Court does not

5    "weigh" the evidence (in the sense of making credibility determinations or value judgments

6    about the persuasiveness of the evidence) but rather must decide if the evidence is admissible at

7    all.  In executing this function, a court can (in fact, *must*) compare the evidence offered against

8    the appropriate legal standard (in this case, the definition of "collapse" as announced by the

9    *Queen Anne* court) and decide whether the evidence conforms to the standard.

10        It is well within the power of the Court to exclude expert testimony at summary judgment

11   if that testimony is based on incorrect conclusions of law.  *See United States ex rel. Kelly v.*

12   *Serco, Inc.,* 846 F.3d 325, 337 (9th Cir. 2017).  This Court stands by its ruling that the

13   conclusions of Plaintiff's experts (e.g., their finding that "collapse" conditions had existed in the

14   buildings at issue for 20 years prior to those conditions being observed) cannot be reconciled

15   with a correct application of the revised "collapse" standard reflected in the *Queen Anne* case.

16        Finally, Plaintiff asserts that the Court improperly ignored the Law of the Case Doctrine

17   in excluding the evidence of experts whose testimony the previous presiding judge in this matter

18   (U.S. District Judge Marsha J. Pechman) had ruled admissible.  There are two problems with this

19   argument, the first of which is that it is made in violation of Local Rule 7(h); i.e., this is the first

20   time Houston General has raised the argument and the insurer makes no showing as to why it

21   could not have been brought in its original responsive briefing.

22        In any event, the position is not well-taken.  The order of Judge Pechman to which

23   Plaintiff refers was a *Daubert* ruling addressed to the adequacy of the scientific grounds for the

24

1   opinions of Plaintiff's experts at the time.  (*See* Dkt. No. 134.)  The order upon which Plaintiff

2   seeks reconsideration here was not based on a *Daubert* motion or analyzed on *Daubert* grounds.

3   It concerned events which had not even occurred when Judge Pechman issued her order,

4   including the imposition of a new "collapse" standard which resulted in the reversal of a portion

5   of the verdict in the trial over which Judge Pechman presided.  Since Judge Pechman's *Daubert*

6   ruling was not addressed to the issue of whether Plaintiff's evidence violated the Seventh

7   Amendment or conformed to the *Queen Anne* standard regarding "collapse," the Law of the Case

8   Doctrine is inapplicable.

9           **Conclusion**

10          Plaintiff has failed to articulate a single ground demonstrating manifest error in this

11  Court's ruling, nor has it presented persuasive evidence or authority which could not have been

12  brought forward when this motion was originally argued.  On that basis, its motion for

13  reconsideration will be DENIED.

14

15          The clerk is ordered to provide copies of this order to all counsel.

16          Dated April 5, 2017.

17

18

19          Barbara Jacobs Rothstein
            U.S. District Court Judge

20

21

22

23

24